IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGO SANDOVAL-BALTAZAR,<br><br>Defendant. | Case No. 1:25-mj-392<br><br>**MOTION FOR IMMEDIATE STAY OF MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE** |

The United States of America, by Jennifer K. Puhl, Acting United States Attorney for the District of North Dakota, and Alexander J. Stock, Assistant United States Attorney, seeks an Immediate Stay of the United States Magistrate Judge Alice R. Senechal's order setting conditions of release entered May 23, 2025. (Doc. 12.) The United States seeks this stay so it may pursue revocation of the release order pursuant to 18 U.S.C. § 3145(a)(1). The United States requests the Court stay the release order pending the Court's determination of a motion to revoke to be filed by the United States. To file any motion to revoke the release order, the United States requests the Court allow three days from this Court's order staying the release order. While the ordinary period for a party to respond to a motion is two weeks,[1] the United States here takes no position on whether the Court set any shorter or lengthier response deadline. In the interest of expeditious determination, the United States waives its right to file any reply. The United States does not intend at this time to ask the Court for a further hearing.

---

[1] Pursuant to Local Criminal Rule 47.1, an adverse party has 14 days after service of a motion/memorandum to file its response.

During the briefing period and for whatever duration the Court has the matter under consideration, the United States requests the release order be stayed lest the purpose of reviewing the release order be frustrated. Courts have recognized that, for this right of review to have any meaning, the defendant must be required to temporarily remain in custody while the government's request for review is pending. Accordingly, courts have found that it is appropriate, and customary, to grant a "stay" of release orders issued in cases in which the government has voiced an intent to seek further review. For example, in United States v. Brigham, 569 F.3d 220 (5th Cir. 2009), the defendant argued that district courts simply possess authority to review release orders issued by magistrate judges and have no authority to stay such orders pending review. Id. at 229-30. The Fifth Circuit firmly rejected this claim, holding that although Section 3145 "does not expressly authorize a stay . . . the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." Id. at 230. In a similar vein, the Eighth Circuit has commented on the importance of a district judge's review in certain instances. United States v. Maull, 773 F.2d 1479, 1485-86 (1985) (en banc). The Fifth Circuit also noted that such stays do not create a risk of "prolonged interim detention" because district courts are required, by statute, to "promptly" complete their review of release orders. Brigham, at 569 F.3d at 230.

If the defendant is released in this criminal case, the record reflects the likelihood that ICE will take custody of him and may expeditiously remove him to Mexico.[2] Such a turn of events, if unable to be avoided by agreement of two separate Executive Branch agencies whose interests may vary from each other, would frustrate this prosecution for a felony offense. The Court's issuance of a stay under these circumstances will preserve the Court's jurisdiction and protect the integrity of its judicial process, in accordance with 28 U.S.C. § 1651(a). Harm to the Defendant will be mitigated by prompt determination of the motion for review under 18 U.S.C. § 3145(a).

This case charges Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a), and was initiated by Complaint and Affidavit. (Docs 1 and 1-1.) This is a Class E felony. See 8 U.S.C. § 1326(a) and 18 U.S.C. § 3559(a)(5). Such offenses fall under 18 U.S.C. §§ 3141–3150. 18 U.S.C. § 3156(a)(2). This includes review of a release order under § 3145, which provides:

> If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

The statute authorizes a district judge to review a magistrate judge's release order. To enable the United States and Defendant to present the record of the proceedings before the magistrate judge and any other evidence related to the factors to be considered in determining whether the Defendant should be released or detained to this Court, a stay is a prudent exercise of the Court's discretion.

---

[2] See e.g., Pretrial Service Report.

The United States respectfully request this Court immediately stay the order of the magistrate judge setting conditions of release for the Defendant so the United States may promptly and effectively pursue its intended motion to revoke the release order. The United States further requests the Court order that Defendant remained detained until such motion to revoke is decided or further order of the Court.

Dated: May 23, 2025.

                                              JENNIFER K. PUHL
                                              Acting United States Attorney

By:   */s/ Alexander J. Stock*
       ALEXANDER J. STOCK
       Assistant United States Attorney
       ND Bar ID 07979
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       alexander.stock@usdoj.gov
       Attorney for United States