UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RODRIGO SANDOVAL-<br>BALTAZAR,<br><br>　　　　　Defendant. | Cr. No. 1:25-mj-392<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR IMMEDIATE STAY OF MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE** |

The Defendant, Rodrigo Sandoval-Baltazar, opposes the government's Motion for Immediate Stay of Magistrate Judge's Order Setting Conditions of Release.[1] The government seeks a stay of the release order while it prepares a motion to review a release order under 18 U.S.C. § 3145(a)(1). An "immediate" stay is necessary, the government argues, because:

> [i]f the defendant is released in this criminal case, the record reflects the likelihood that ICE will take custody of him and may expeditiously remove him to Mexico. Such a turn of events, if unable to be avoided by agreement of two separate Executive Branch agencies whose interests may vary from each other, would frustrate this prosecution for a felony offense.[2]

The government has not shown good cause to stay the release order. The government's frustration with ICE is not an appropriate consideration under the Bail Reform Act.

---

[1] *See* Doc. 13.
[2] *Id.* at p. 3.

> The problem here is not that defendant will absent himself from the jurisdiction, but that two Article II agencies will not coordinate their respective efforts. The Executive, in the person of the Attorney General, wishes to prosecute defendant. The same Executive, in the person of the Assistant Secretary of Homeland Security for ICE, may want to deport him. It is not appropriate for an Article III judge to resolve Executive Branch turf battles. The Constitution empowers this Court to apply the will of Congress upon a criminal defendant on a personal and individualized basis. This Court ought not run interference for the prosecuting arm of the government.

*United States v. Barrera-Omana*, 638 F. Supp. 2d 1108, 1111–12 (D. Minn. 2009); *see United States v. Brown*, 2017 WL 3310689, at *6 (D.N.D. July 31, 2017). The government's motion articulated no reason it could not work with ICE to halt removal proceedings. Nor has the government provided evidence showing ICE will immediately remove Mr. Sandoval-Baltazar from the United States absent a stay.

Thus, the only perceived harm to the government is the government's inability to convince another agency within the executive branch to alter its procedures. But the harm to Mr. Sandoval-Baltazar, if the Court grants a stay, is the continued deprivation of liberty. Weighing interests, Mr. Sandoval-Baltazar's liberty interest is far more important than resolving a conflict between two executive agencies.

The Court should deny the government's motion for immediate stay of the release order.

Dated this 23rd day of May, 2025.

                        Respectfully submitted,

                        JASON J. TUPMAN
                        Federal Public Defender
                        By:

                        <u>/s/   Christopher P. Bellmore</u>
                        Chrisotpher P. Bellmore
                        Assistant Federal Public Defender
                        Attorney for Defendant
                        Office of the Federal Public Defender
                        Districts of South Dakota and North Dakota
                        112 Roberts Street North, Suite 200
                        Fargo, ND 58102
                        Telephone: 701-239-5111
                        Facsimile:  701-239-5098
                        filinguser_SDND@fd.org