# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, )<br>    )<br>        Plaintiff, )<br>    )<br>vs. )<br>    )<br>Rodrigo Sandoval-Baltazar, )<br>    )<br>        Defendant. ) | **ORDER GRANTING MOTION**<br><br>Case No. 1:25-cr-132 |

Before the Court is the Defendant's "Motion to Stay Order of Magistrate Judge Setting Conditions of Release" filed on May 23, 2025.[1] See Doc. No. 13. The Defendant seeks a stay of Magistrate Judge Alice R. Senechal's order dated May 23, 2025, setting conditions of release. See Doc. No. 12. In its motion, the Government requests the Court stay the order so it may pursue revocation of the release order. The Government expresses concern that if the Defendant is released, ICE will take custody of the Defendant and may expeditiously remove him to Mexico. The Defendant filed a response in opposition to the motion on May 23, 2025. See Doc. No. 14. In the two weeks since the motion to stay has been filed, the Government has not filed a motion to revoke the release order. Although the Government labels the motion as a motion to stay, staying the conditions of release would result in the detention of the Defendant, which would in effect reverse Judge Senechal's decision. Accordingly, the Court will treat the motion as an appeal of Judge Senechal's order.

In accordance with D.N.D. Crim. L. R. 59.1(D)(2), a Magistrate Judge's order will be set aside only if it is found to be clearly erroneous or contrary to law. On May 15, 2025, the Defendant

---

[1] The undersigned did not become aware of the motion to stay until June 5, 2025, when the case was assigned to him after the Indictment was filed. The motion to stay was filed in the Magistrate case (Doc. No. 13 in Case No. 1:25-mj-00392-ARS).

1

was charged in a criminal complaint with reentry of a deported alien in violation of 8 U.S.C. § 1326(a)(1). See Doc. No. 1. The Defendant was released pending trial following a detention hearing held May 22, 2025. See Doc. No. 11. On June 4, 2025, the Defendant was charged by way of indictment with one count of reentry of deported alien, a Class E felony, in violation of 8 U.S.C. § 1326(a).

18 U.S.C. § 3145(a)(1) states: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The motion is to be determined promptly. See 18 U.S.C. § 3145(a). This Court has original jurisdiction because the charged offense venue is in the District of North Dakota.

A court may order a defendant detained pending trial if the court finds there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, or the safety of any other person in the community. See 18 U.S.C. § 3142(e). The factors to be considered by the Court in determining detention or release on conditions are contained in 18 U.S.C. § 3142(g).

The Court finds the Defendant has scant ties to North Dakota. According to the Bond Report, the Defendant poses a risk of nonappearance for the following reasons:

1. Lack of Family, Residential, Employment, Property, and Financial Ties (not limited to the district of arrest)
2. Lack of Verifiable, Legitimate Employment,
3. Ties to a Foreign Country
4. Unstable/Unsuitable Living Situation.

See Doc. No. 10. Further, the Defendant has former immigration charges. On June 12, 2024, the Defendant was charged with "immigrant without an immigrant visa" and was removed to Mexico

on the same day. The following day, June 13, 2024, the Defendant was charged with "alien previously removed once" and was removed to Mexico on June 14, 2024. Given the Defendant's immigration history, ties to a foreign country, and his lack of ties to the North Dakota, the Court concludes he did not rebut the presumption for detention.

The Court has carefully reviewed the parties' briefs, the bond report, Judge Senechal's May 23, 2025, Order, and the entire record. The undersigned has respectfully reached a different conclusion than Judge Senechal and concludes the Defendant is a flight risk. Accordingly, the Government's motion (Doc. No. 13) is **GRANTED**. The Defendant shall be detained pending trial.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2025.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court